UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL JUSTICE

Case Number: 2:24-cr-165-SPC-KCD

USM Number: 50347-511

Douglas Molloy
1411 Bayview Court
Fort Myers, FL 33901

**JUDGMENT IN A CRIMINAL CASE**

Defendant pleaded guilty to Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen and Eighteen of the Information. Defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 26 U.S.C. § 7202 | Willful Failure to Collect or Pay Over Tax | December 31, 2018 | One |
| 26 U.S.C. § 7202 | Willful Failure to Collect or Pay Over Tax | March 31, 2019 | Two |
| 26 U.S.C. § 7202 | Willful Failure to Collect or Pay Over Tax | June 30, 2019 | Three |
| 26 U.S.C. § 7202 | Willful Failure to Collect or Pay Over Tax | September 30, 2019 | Four |
| 26 U.S.C. § 7202 | Willful Failure to Collect or Pay Over Tax | December 31, 2019 | Five |
| 26 U.S.C. § 7202 | Willful Failure to Collect or Pay Over Tax | March 31, 2020 | Six |
| 26 U.S.C. § 7202 | Willful Failure to Collect or Pay Over Tax | June 30, 2020 | Seven |
| 26 U.S.C. § 7202 | Willful Failure to Collect or Pay Over Tax | September 30, 2020 | Eight |
| 26 U.S.C. § 7202 | Willful Failure to Collect or Pay Over Tax | December 31, 2020 | Nine |
| 26 U.S.C. § 7202 | Willful Failure to Collect or Pay Over Tax | March 31, 2021 | Ten |
| 26 U.S.C. § 7202 | Willful Failure to Collect or Pay Over Tax | June 30, 2021 | Eleven |
| 26 U.S.C. § 7202 | Willful Failure to Collect or Pay Over Tax | September 30, 2021 | Twelve |
| 26 U.S.C. § 7202 | Willful Failure to Collect or Pay Over Tax | December 31, 2021 | Thirteen |
| 26 U.S.C. § 7202 | Willful Failure to Collect or Pay Over Tax | March 31, 2022 | Fourteen |
| 26 U.S.C. § 7202 | Willful Failure to Collect or Pay Over Tax | June 30, 2022 | Fifteen |
| 26 U.S.C. § 7202 | Willful Failure to Collect or Pay Over Tax | September 30, 2022 | Sixteen |
| 26 U.S.C. § 7202 | Willful Failure to Collect or Pay Over Tax | December 31, 2022 | Seventeen |
| 26 U.S.C. § 7202 | Willful Failure to Collect or Pay Over Tax | March 31, 2023 | Eighteen |

Defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**Michael Justice**
**2:24-cr-165-SPC-KCD**

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment:

March 24, 2025

_/s/ Sheri Polster Chappell_
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

March 26, 2025

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Michael Justice**
**2:24-cr-165-SPC-KCD**

# PROBATION

Defendant is hereby placed on probation for a term of **5-YEARS**.

# MANDATORY CONDITIONS

1. Defendant must not commit another federal, state or local crime.
2. Defendant must not unlawfully possess a controlled substance.
3. Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. Defendant shall cooperate in the collection of DNA, as directed by the probation officer.
5. Defendant must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
6. If this judgment imposes a fine, Defendant must pay in accordance with the Schedule of Payments sheet of this judgment.
7. Defendant must notify the court of any material change in your economic circumstances that might affect Defendant's ability to pay restitution, fines, or special assessments.

Defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Michael Justice
2:24-cr-165-SPC-KCD

# STANDARD CONDITIONS OF SUPERVISION

As part of Defendant's probation, Defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for Defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in Defendant's conduct and condition.

1. Defendant must report to the probation office in the federal judicial district where Defendant is authorized to reside within 72 hours of the time Defendant was sentenced, unless the probation officer instructs Defendant to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed.
3. Defendant must not knowingly leave the federal judicial district where Defendant is authorized to reside without first getting permission from the court or the probation officer.
4. Defendant must answer truthfully the questions asked by Defendant's probation officer.
5. Defendant must live at a place approved by the probation officer. If Defendant plans to change where Defendant lives or anything about Defendant's living arrangements (such as the people you live with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. Defendant must allow the probation officer to visit Defendant at any time at Defendant's home or elsewhere, and Defendant must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment Defendant must try to find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where Defendant works or anything about Defendant's work (such as Defendant's position or Defendant's job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. Defendant must not communicate or interact with someone you know is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours.
10. Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. Defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that Defendant poses a risk to another person (including an organization), the probation officer may require Defendant to notify the person about the risk and Defendant must comply with that instruction. The probation officer may contact the person and confirm that Defendant has notified the person about the risk.
13. Defendant must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____    Date:_____

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Michael Justice**
**2:24-cr-165-SPC-KCD**

# ADDITIONAL CONDITIONS OF PROBATION

Defendant shall also comply with the following additional conditions of probation:

1. The defendant shall provide the probation officer access to any requested financial information.

2. The defendant shall cooperate with the Internal Revenue Service regarding all outstanding taxes, interest, and penalties relating to the offense of conviction.

3. The defendant shall pay all outstanding taxes, interest, and penalties relating to the offense of conviction. Furthermore, defendant shall provide the probation officer with verification that the income tax obligations are being met to the fullest extent possible.

4. Defendant shall submit to random drug testing not to exceed 104 tests per year.

Michael Justice
2:24-cr-165-SPC-KCD

## CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | **Assessment** | **AVAA Assessment**[1] | **JVTA Assessment**[2] | **Fine** | **Restitution** |
|---|---|---|---|---|---|
| **TOTALS** | $1,800.00 | $0.00 | $0.00 | $7,500.00 | $ 1,063,657.44 |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**The $7,500.00 fine is to be paid in full within one month.**

**The defendant shall make restitution payments of $1,000 per month.  This payment schedule shall continue unless the victim, the government, or the defendant notifies the Court of a material change in the defendant's ability to pay and the Court modifies the schedule.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  <u>**All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the court, the probation officer, or the United States attorney**</u>.

**Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

---

[1] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[2] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

AO 245B (Rev. 09/19) Judgment in a Criminal Case